UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION                                    Docket No. 25-CV-4016
------------------------------------------------------------------- X
CHRISTOPHER YOST, Individually and For Others
Similarly Situated,                                  **<u>FIRST AMENDED ANSWER</u>**

                                Plaintiff,

          v.

UDER HEALTH MANAGEMENT LLC d/b/a
MIDWOOD AMBULANCE

                                Defendant.
------------------------------------------------------------------- X

Defendant Uder Health Management Inc., d/b/a Midwood Ambulance, incorrectly named herein as Uder Health Management, LLC ("Defendant") through their attorneys, Meltzer, Lippe, Goldstein & Breitstone, LLP hereby answer the Original Class and Collective Action Complaint (the "Complaint") filed in this matter by the Plaintiff Christopher Yost ("Plaintiff"), as follows:

<u>**SUMMARY**</u>

1.      Paragraph "1" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "1" of the Complaint, except admits that Plaintiff purports to proceed as alleged therein.

2.      Paragraph "2" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "2" of the Complaint, except admits that Plaintiff provided services on behalf of Defendant as an emergency medical technician during times relevant to the Complaint.

3.      Paragraph "3" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "3" of the Complaint, except admits that Plaintiff's compensation was calculated at an

hourly rate in connection with the hours for which Plaintiff performed services on behalf of Defendant.

4.      Paragraph "4" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "4" of the Complaint.

5.      Paragraph "5" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "5" of the Complaint.

6.      Paragraph "6" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "6" of the Complaint.

7.      Paragraph "7" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "7" of the Complaint.

8.      Paragraph "8" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "8" of the Complaint.

9.      Paragraph "9" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "9" of the Complaint.

10.      Paragraph "10" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "10" of the Complaint.

4938-0399-4977, v. 6

## JURISDICTION & VENUE

11.     Paragraph "11" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendant admits Plaintiff purports to invoke this Court's subject matter jurisdiction, but explicitly denies Plaintiff pleaded a claim upon which relief can be granted, denies further that this Court should exercise pendent, supplemental or other jurisdiction over any purported non-federal claims, and denies further all other allegations set forth in paragraph "11" of the Complaint.

12.     Paragraph "12" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendant admits Plaintiff purports to invoke this Court's supplemental jurisdiction, but explicitly denies Plaintiff pleaded a claim upon which relief can be granted, denies further that this Court should exercise pendent, supplemental or other jurisdiction over any purported non-federal claims, and denies further all other allegations set forth in paragraph "12" of the Complaint.

13.     Paragraph "13" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "13" of the Complaint, except admits that Defendant is an S Corporation organized under the laws of New York State.

14.     Paragraph "14" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendant admits the allegations contained in paragraph "14" of the Complaint that venue may be proper in this district, but otherwise deny that 28 U.S.C. §1391 alone governs the basis for proper venue, and further deny all other allegations set forth in paragraph "14" of the Complaint.

4938-0399-4977, v. 6

## THE PARTIES

15.     Paragraph "15" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "15" of the Complaint, except admits that Plaintiff provided services on behalf of Defendant as an emergency medical technician during times relevant to the Complaint.

16.     Paragraph "16" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "16" of the Complaint, except admits that Plaintiff rarely was provided discretionary bonuses for services provided on behalf of Defendant during times relevant to the Complaint.

17.     Paragraph "17" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendant denies the allegations set forth in paragraph "17" of the Complaint and respectfully refer the Court to documentary material cited therein for its full meaning and effect.

18.     Paragraph "18" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "18" of the Complaint, except admits that Plaintiff purports to proceed as alleged therein.

19.     Paragraph "19" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "19" of the Complaint, except admits that Plaintiff purports to proceed as alleged therein.

20.     Paragraph "20" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in

4938-0399-4977, v. 6

Paragraph "20" of the Complaint, except admits that Plaintiff purports to proceed as alleged therein.

21.     Paragraph "21" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "21" of the Complaint and respectfully refers the Court to statutory and/or legal authority cited therein for its full meaning and effect, except admits that Plaintiff purports to proceed as alleged therein.

22.     Paragraph "22" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "22" of the Complaint, except admits that Plaintiff purports to proceed as alleged therein.

23.     Paragraph "23" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "23" of the Complaint, except admits that Defendant is an S Corporation organized under the laws of New York State.

24.     Paragraph "24" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "24" of the Complaint, except admits that Defendant maintains a place of business located at 2593 West 13th Street, Brooklyn, New York 11223.

## FLSA COVERAGE

25.     Paragraph "25" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "25" of the Complaint and respectfully refers the Court to statutory and/or legal authority cited therein for its full meaning and effect.

5

4938-0399-4977, v. 6

26.     Paragraph "26" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "26" of the Complaint and respectfully refers the Court to statutory and/or legal authority cited therein for its full meaning and effect.

27.     Paragraph "27" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "27" of the Complaint and respectfully refers the Court to statutory and/or legal authority cited therein for its full meaning and effect.

28.     Paragraph "28" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "28" of the Complaint and respectfully refers the Court to statutory and/or legal authority cited therein for its full meaning and effect, except admit that Uder's annual gross volume of business done may have exceeded $1,000,000 annually during times relevant to the Complaint.

29.     Paragraph "29" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "29" of the Complaint and respectfully refers the Court to statutory and/or legal authority cited therein for its full meaning and effect.

30.     Paragraph "30" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "30" of the Complaint.

**FACTS**

31.     Defendant admits the allegations set forth in Paragraph "31" of the Complaint.

32.     Paragraph "32" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in

Paragraph "32" of the Complaint, except admits that Defendant's employees have provided emergency and non-emergency medical services and transportation services during times relevant to the Complaint.

33.     Paragraph "33" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "33" of the Complaint, except admits that Plaintiff provided services on behalf of Defendant as an emergency medical technician during times relevant to the Complaint.

34.     Paragraph "34" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendants admits the allegations set forth in Paragraph "34" of the Complaint.

35.     Paragraph "35" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "35" of the Complaint.

36.     Paragraph "36" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendants denies the allegations set forth in Paragraph "34" of the Complaint, except admits that, during times relevant to the Complaint, Plaintiff may have received compensation equivalent to $18.50 per hour, for hours worked up to 40 hours per week.

37.     Paragraph "37" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "37" of the Complaint.

38.     Paragraph "38" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in

Paragraph "38" of the Complaint, except admits that Defendant maintained a timekeeping system applicable to many of Defendant's employees during times relevant to the Complaint.

39.     Paragraph "39" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "39" of the Complaint.

40.     Paragraph "40" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "40" of the Complaint.

41.     Paragraph "41" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "41" of the Complaint, except admits that Defendant intermittently provided discretionary bonuses for services performed during times relevant to the Complaint.

42.     Paragraph "42" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "42" of the Complaint.

43.     Paragraph "43" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "43" of the Complaint.

44.     Paragraph "44" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendant denies the allegations set forth in paragraph "44" of the Complaint and respectfully refer the Court to documentary material cited therein for its full meaning and effect.

4938-0399-4977, v. 6

45.     Paragraph "43" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "43" of the Complaint.

46.     Paragraph "46" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "46" of the Complaint and respectfully refers the Court to statutory and/or legal authority cited therein for its full meaning and effect.

47.     Paragraph "47" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "47" of the Complaint.

48.     Paragraph "48" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "48" of the Complaint.

49.     Paragraph "49" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "49" of the Complaint and respectfully refers the Court to statutory and/or legal authority cited therein for its full meaning and effect.

50.     Paragraph "50" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "50" of the Complaint and respectfully refers the Court to statutory and/or legal authority cited therein for its full meaning and effect.

51.     Paragraph "51" of the Complaint asserts a legal conclusion which requires no response.  To the extent a response is required, Defendant denies the allegations set forth in

4938-0399-4977, v. 6

paragraph "51" of the Complaint and respectfully refer the Court to documentary material cited therein for its full meaning and effect.

52.     Paragraph "52" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "52" of the Complaint.

53.     Paragraph "53" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "53" of the Complaint.

54.     Paragraph "54" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "54" of the Complaint and respectfully refers the Court to statutory and/or legal authority cited therein for its full meaning and effect.

55.     Paragraph "55" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "55" of the Complaint and respectfully refers the Court to statutory and/or legal authority cited therein for its full meaning and effect.

56.     Paragraph "56" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "56" of the Complaint and respectfully refers the Court to statutory and/or legal authority cited therein for its full meaning and effect.

57.     Paragraph "57" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "57" of the Complaint and respectfully refers the Court to statutory and/or legal authority cited therein for its full meaning and effect.

58.     Paragraph "58" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "58" of the Complaint.

59.     Paragraph "59" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "59" of the Complaint.

60.     Paragraph "60" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "60" of the Complaint.

61.     Paragraph "61" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "61" of the Complaint and respectfully refers the Court to statutory and/or legal authority cited therein for its full meaning and effect.

62.     Paragraph "62" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "62" of the Complaint.

63.     Paragraph "63" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "63" of the Complaint.

64.     Paragraph "64" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "64" of the Complaint.

65.     Paragraph "65" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies knowledge or information

sufficient to form a belief as to the truth of the allegations set forth in Paragraph "65" of the Complaint.

66.     Paragraph "66" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "66" of the Complaint.

67.     Paragraph "67" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "67" of the Complaint.

68.     Paragraph "68" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "68" of the Complaint.

69.     Paragraph "69" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "69" of the Complaint and respectfully refers the Court to statutory and/or legal authority cited therein for its full meaning and effect.

## **CLASS AND COLLECTIVE ACTION ALLEGATIONS**

70.     Paragraph "70" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "70" of the Complaint, except admits that Plaintiff purports to proceed as alleged therein.

71.     Paragraph "71" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "71" of the Complaint.

4938-0399-4977, v. 6

72.     Paragraph "72" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "72" of the Complaint.

73.     Paragraph "73" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "73" of the Complaint.

74.     Paragraph "74" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "74" of the Complaint.

75.     Paragraph "75" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "75" of the Complaint.

76.     Paragraph "76" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "76" of the Complaint.

77.     Paragraph "77" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "77" of the Complaint.

78.     Paragraph "78" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "78" of the Complaint, except admits that Defendant maintains records indicating the maximum number of hours its employees may have worked per week.

4938-0399-4977, v. 6

79.     Paragraph "79" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "79" of the Complaint.

80.     Paragraph "80" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "80" of the Complaint.

81.     Paragraph "81" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "81" of the Complaint.

82.     Paragraph "82" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "82" of the Complaint.

83.     Paragraph "83" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "83" of the Complaint.

84.     Paragraph "84" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "84" of the Complaint.

85.     Paragraph "85" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "85" of the Complaint.

4938-0399-4977, v. 6

86.    Paragraph "86" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "86" of the Complaint.

87.    Paragraph "87" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "87" of the Complaint.

88.    Paragraph "88" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "88" of the Complaint.

89.    Paragraph "89" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "89" of the Complaint.

90.    Paragraph "90" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "90" of the Complaint.

91.    Paragraph "91" of the Complaint, and subparts "a." – "f." thereof assert a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "90" of the Complaint, and subparts "a." – "f." thereof.

92.    Paragraph "92" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "92" of the Complaint.

93.     Paragraph "93" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "93" of the Complaint.

94.     Paragraph "94" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "94" of the Complaint and respectfully refers the Court to statutory and/or legal authority cited therein for its full meaning and effect.

95.     Paragraph "95" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "95" of the Complaint.

## UBER'S VIOLATIONS WERE WILLFUL

96.     Paragraph "96" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "96" of the Complaint and respectfully refers the Court to statutory and/or legal authority cited therein for its full meaning and effect.

97.     Paragraph "97" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "97" of the Complaint and respectfully refers the Court to statutory and/or legal authority cited therein for its full meaning and effect.

98.     Paragraph "98" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "98" of the Complaint, except admits that Defendant maintains records indicating the maximum number of hours its employees may have worked per week.

99.      Paragraph "99" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "99" of the Complaint and respectfully refers the Court to statutory and/or legal authority cited therein for its full meaning and effect.

100.     Paragraph "100" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "100" of the Complaint.

101.     Paragraph "101" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "101" of the Complaint.

102.     Paragraph "102" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "102" of the Complaint.

103.     Paragraph "103" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "103" of the Complaint.

### <u>COUNT I</u>
### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA
### (FLSA COLLECTIVE)

104.     Paragraph "104" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "104" of the Complaint, except admits that Plaintiff purports to proceed as alleged therein.

4938-0399-4977, v. 6

105.    Paragraph "105" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "105" of the Complaint.

106.    Paragraph "106" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "106" of the Complaint.

107.    Paragraph "107" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "107" of the Complaint.

108.    Paragraph "108" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "108" of the Complaint.

109.    Paragraph "109" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "109" of the Complaint.

110.    Paragraph "110" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "110" of the Complaint.

## COUNT II
## FAILURE TO PAY WAGES UNDER THE NYLL
## (NEW YORK CLASS)

111.    Paragraph "104" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "104" of the Complaint, except admits that Plaintiff purports to proceed as alleged therein.

18

112.    Paragraph "112" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "112" of the Complaint and respectfully refers the Court to statutory and/or legal authority cited therein for its full meaning and effect.

113.    Paragraph "113" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "113" of the Complaint and respectfully refers the Court to statutory and/or legal authority cited therein for its full meaning and effect.

114.    Paragraph "114" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "114" of the Complaint and respectfully refers the Court to statutory and/or legal authority cited therein for its full meaning and effect.

115.    Paragraph "115" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "115" of the Complaint and respectfully refers the Court to statutory and/or legal authority cited therein for its full meaning and effect.

116.    Paragraph "116" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "116" of the Complaint.

117.    Paragraph "117" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "117" of the Complaint and respectfully refers the Court to statutory and/or legal authority cited therein for its full meaning and effect.

4938-0399-4977, v. 6

118.    Paragraph "118" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "118" of the Complaint.

119.    Paragraph "119" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "119" of the Complaint and respectfully refers the Court to statutory and/or legal authority cited therein for its full meaning and effect.

120.    Paragraph "120" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "120" of the Complaint and respectfully refers the Court to statutory and/or legal authority cited therein for its full meaning and effect.

121.    Paragraph "121" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "121" of the Complaint and respectfully refers the Court to statutory and/or legal authority cited therein for its full meaning and effect.

<u>**COUNT III**</u>
**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**
**(NEW YORK CLASS)**

122.    Paragraph "122" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "122" of the Complaint and respectfully refers the Court to statutory and/or legal authority cited therein for its full meaning and effect, except admits that Plaintiff purports to proceed as alleged therein.

123.    Paragraph "123" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in

4938-0399-4977, v. 6

Paragraph "123" of the Complaint and respectfully refers the Court to statutory and/or legal authority cited therein for its full meaning and effect.

124.    Paragraph "124" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "124" of the Complaint and respectfully refers the Court to statutory and/or legal authority cited therein for its full meaning and effect.

125.    Paragraph "125" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "125" of the Complaint and respectfully refers the Court to statutory and/or legal authority cited therein for its full meaning and effect.

126.    Paragraph "126" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "126" of the Complaint and respectfully refers the Court to statutory and/or legal authority cited therein for its full meaning and effect.

127.    Paragraph "127" of the Complaint, and subparts "a." – "m." thereof, assert a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "127" of the Complaint and subparts "a." – "m." thereof and respectfully refers the Court to statutory and/or legal authority cited therein for its full meaning and effect.

128.    Paragraph "128" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "128" of the Complaint.

4938-0399-4977, v. 6

129.    Paragraph "129" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "129" of the Complaint.

130.    Paragraph "130" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "130" of the Complaint.

131.    Paragraph "131" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "131" of the Complaint.

132.    Paragraph "132" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "132" of the Complaint.

133.    Paragraph "133" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "133" of the Complaint and respectfully refers the Court to statutory and/or legal authority cited therein for its full meaning and effect.

134.    Paragraph "134" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "134" of the Complaint.

135.    Paragraph "135" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "135" of the Complaint and respectfully refers the Court to statutory and/or legal authority cited therein for its full meaning and effect.

## COUNT IV
## FAILURE TO PROVIDE ACCURATE WAGE
## NOTICES (NEW YORK CLASS)

136. Paragraph "136" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "136" of the Complaint and respectfully refers the Court to statutory and/or legal authority cited therein for its full meaning and effect, except admits that Plaintiff purports to proceed as alleged therein.

137. Paragraph "137" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "137" of the Complaint and respectfully refers the Court to statutory and/or legal authority cited therein for its full meaning and effect.

138. Paragraph "138" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "138" of the Complaint and respectfully refers the Court to statutory and/or legal authority cited therein for its full meaning and effect.

139. Paragraph "139" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "139" of the Complaint and respectfully refers the Court to statutory and/or legal authority cited therein for its full meaning and effect.

140. Paragraph "140" of the Complaint, and subparts "a." – "i." thereof, assert a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "127" of the Complaint and subparts "a." – "i." thereof and respectfully refers the Court to statutory and/or legal authority cited therein for its full meaning and effect.

4938-0399-4977, v. 6

141.    Paragraph "141" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "141" of the Complaint.

142.    Paragraph "142" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "142" of the Complaint.

143.    Paragraph "143" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "143" of the Complaint and respectfully refers the Court to statutory and/or legal authority cited therein for its full meaning and effect.

144.    Paragraph "144" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "144" of the Complaint.

145.    Paragraph "145" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "145" of the Complaint.

146.    Paragraph "146" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "146" of the Complaint.

147.    Paragraph "147" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "147" of the Complaint.

148.    Paragraph "148" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "148" of the Complaint.

149.    Paragraph "149" of the Complaint asserts a legal conclusion, which requires no response. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "149" of the Complaint and respectfully refers the Court to statutory and/or legal authority cited therein for its full meaning and effect.

## JURY DEMAND

150.    Defendant admits Plaintiff demands a jury trial, but denies that Plaintiff stated a claim for relief upon which a jury trial should be held and otherwise denies all allegations in Plaintiff's "JURY DEMAND" Paragraph in the Complaint.

## RESPONSE TO RELIEF SOUGHT

151.    Defendants denies the allegations and requested relief in the "RELIEF SOUGHT" including subsections "a." through "i." of the Complaint.

## ADDITIONAL AVERMENTS

Defendants deny all claims and allegations not unequivocally admitted herein.

4938-0399-4977, v. 6

## DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

By way of further answer, Defendant asserts the following affirmative and other defenses. In asserting these defenses, Defendant is providing notice to Plaintiff of the defenses Defendant intends to raise, and Defendant does not assume the burden of proof as to any of the following defenses where the law does not impose such burden on Defendant.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a cause of action upon which relief can be granted as a matter of fact and law.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the applicable statutes of limitation, the doctrine of laches, estoppel, and/or unclean hands.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff cannot establish a willful violation under the Fair Labor Standards Act ("FLSA") or New York Labor Law ("NYLL").

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which either pre-judgment or post-judgment interest, liquidated damages, punitive damages, exemplary damages or attorneys' fees may be awarded.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

To the extent discovery reveals Plaintiff falsely reported their hours and/or dates of purported work and there is no evidence that Defendant authorized, suffered or permitted the false reporting of hours, Defendant invokes the doctrines of estoppel and avoidable consequences to bar the claims asserted by Plaintiff.

4938-0399-4977, v. 6

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff failed to plead facts supporting an equitable tolling of the statute of limitations and their claims as well as the collective are not subject to same.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

To the extent the Complaint seeks compensation of "straight time" above the statutory federal minimum wage rate during workweeks where Plaintiff worked over forty (40) hours, the FLSA does not provide for recovery of such wages beyond the statutory minimum wage as a matter of law. *See Lundy v. Catholic Health System of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013).

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiff was provided any bonus payments as alleged herein, such bonuses were discretionary,

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims for allegedly owed compensation (if any) must be reduced to the extent Defendant overcompensated Plaintiff for hours not worked, such as payment for rest and/or meal breaks taken by Plaintiff.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the applicable statutes of limitation and/or administrative filing periods.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by Plaintiff's failure to perform all conditions precedent to suit, or to exhaust all administrative remedies, or both.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs may pursue an "integrated enterprise" theory/test to pursue "joint" employer liability as against Defendants, which Defendants dispute, there is no "common

management" as among Defendants sufficient to allow Defendants be deemed Plaintiffs' "joint" employers pursuant to an "integrated enterprise" theory of liability as a matter of law.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Without admitting Defendant employed Plaintiff, any acts or omission on the part of Defendant were in good faith pursuant to *inter alia* 29 U.S.C. § 260 and New York Law because Defendant had reasonable grounds for believing that any such acts or omissions were not in violation of the FLSA, NYLL, or any other applicable federal, state or local laws, rules, regulations, statutes, ordinances or guidelines. As such Defendant asserts a lack of willfulness or intent to violate the FLSA, NYLL or any applicable state law.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of after-acquired evidence.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Without admitting Defendant employed Plaintiff, Defendant: (i) did not have the power to hire and fire Plaintiff; (ii) did not supervise and control all Plaintiff's work schedules or conditions of employment; (iii) did not determine Plaintiff's rate and method of payment; and (iv) did not maintain employee records. As such, Defendant cannot be deemed Plaintiff's "joint" employers pursuant to a "formal" control theory of liability as a matter of law.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Without admitting Defendant employed Plaintiff or that Plaintiff was subject to the overtime and wage-hour provisions of the FLSA, the NYLL, or any other equivalent federal or New York State law, Plaintiff was paid properly under all applicable wage and hour laws.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Without admitting Defendant employed Plaintiff, Plaintiff's claims are barred in whole or in part to the extent the work they performed falls within exemptions, exclusions, offsets,

28

credits, or allowances including those provided for in the FLSA and/or NYLL, and/or their regulations and Court interpretations thereof.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff and the putative class fail to meet the criteria necessary to maintain a class action under the Federal Rules of Civil Procedure, Rule 23.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

Defendant's actions or omissions were in good faith, and Defendant had reasonable grounds for believing that any such acts or omissions were not in violation of the FLSA or NYLL, and thus, Plaintiff cannot recover any damages in this matter, including without limitation liquidated damages.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of payment, tender, discharge, waiver or abandonment.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent no private right of action exists to enforce one or more statutes and/or regulations cited by Plaintiff.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction, in whole or in part, over Plaintiff's claims.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

Pendent or other jurisdiction should not be exercised over any of Plaintiff's claims brought pursuant to the NYLL or any other state law, statute, regulation or ordinance.

4938-0399-4977, v. 6

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to cumulative liquidated damages with respect to the FLSA and NYLL claims. *See, e.g.*, *Chowdhury v. Hamza Express Food Corp.*, 666 Fed. Appx. 59, 60 (2d Cir. 2016); *Inclan v. New York Hospitality Group*, 95 F. Supp. 3d 490 (S.D.N.Y. 2015).

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not an adequate representative of the putative class and/or collective action.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to equitable relief insofar as they have an adequate remedy at law.

### AS AND FOR A TWENTY-SEVENTH DEFENSE

The Complaint is barred, in whole or in part, and neither a class nor collective action can be certified, because Plaintiff cannot establish they were, or are, similarly situated to potential members of the collective action for the purposes of 29 U.S.C. §216(b), or are otherwise a suitable class representative.

### AS AND FOR A TWENTY-EIGHTH DEFENSE

Plaintiff does not have Article III standing to assert claims under the Wage Theft Prevention Act for failure to provide accurate wage statements or annual wage notices.

### AS AND FOR A TWENTY-NINTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of *de minimis no curat lex*.

### AS AND FOR A THIRTIETH DEFENSE

To the extent the Complaint seeks expert witness fees and costs in its reference to the costs of this action, such expert witness fees and costs are not recoverable in actions pursued under the FLSA and NYLL.

### AS AND FOR A THIRTY-FIRST DEFENSE

This action cannot be maintained as a collective action as Plaintiff fails to meet the requirements of applicable law.

## AS AND FOR A THIRTY-SECOND DEFENSE

Plaintiff and the putative class fail to meet the criteria necessary to satisfy the numerosity requirement, as set forth in the Federal Rules of Civil Procedure, Rule 23.

## AS AND FOR A THIRTY-THIRD DEFENSE

Plaintiff and the putative class fail to meet the criteria necessary to satisfy the requirement that questions of law or fact exist that are common to the class, as set forth in the Federal Rules of Civil Procedure, Rule 23.

## AS AND FOR A THIRTY-FOURTH DEFENSE

Plaintiff and the putative class fail to meet the criteria necessary to satisfy the typicality requirement, as set forth in the Federal Rules of Civil Procedure, Rule 23.

## AS AND FOR A THIRTY-FIFTH DEFENSE

Plaintiff and the putative class fail to meet the criteria necessary to satisfy the requirement that the representative party fairly and adequately protect the interests of the class, as set forth in the Federal Rules of Civil Procedure, Rule 23.

## AS AND FOR A THIRTY-SIXTH DEFENSE

Class certification is inappropriate as common questions, and common answers, of law and/or fact do not predominate among the putative class members and Plaintiff.

## AS AND FOR A THIRTY-SEVENTH DEFENSE

Class certification is inappropriate, as it is not a superior method for adjudicating this controversy.

## AS AND FOR A THIRTY-EIGHTH DEFENSE

The Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA") is inapposite to this matter, and thus the Court has no jurisdiction over Plaintiff's NYLL claims in connection with same, as

4938-0399-4977, v. 6

Plaintiff has not met and cannot meet CAFA's amount in controversy requirement as provided for in 28 U.S.C. § 1332(d).

### AS AND FOR A THIRTY-NINTH DEFENSE

CAFA is inapposite to this matter, and thus the Court has no jurisdiction over Plaintiff's NYLL claims in connection with same, as Plaintiff has not met and cannot meet CAFA's proposed class requirement as provided for in 28 U.S.C. § 1332(d).

### AS AND FOR A FORTIETH DEFENSE

The Complaint is barred to the extent Plaintiff and/or the putative class sought or may seek vindication of claims asserted therein in another jurisdiction, forum and/or venue.

### AS AND FOR A FORTY-FIRST DEFENSE

Any recovery and/or relief to which Plaintiff and/or the putative class may be entitled herein (Defendant avers they are entitled to no recovery and/or relief) must be proportionately reduced to the extent Plaintiff recovered, received, may recover, and/or may receive any damages and/or relief in another jurisdiction, forum and/or venue, or from Defendant or Defendant's agents otherwise.

### AS AND FOR A FORTY-SECOND DEFENSE

Plaintiff failed to exercise reasonable care to mitigate their damages, if any, and their right to recover against Defendant should be reduced and/or eliminated due to such failure.

### AS AND FOR A FORTY-THIRD DEFENSE

The Complaint should be dismissed to the extent Plaintiff's claims are not pleaded fully or to the extent Plaintiff did not qualify for such statutory protection.

**AS AND FOR A FORTY-FOURTH DEFENSE**

Without admitting Defendant employed Plaintiff, Plaintiff's claims are barred by one or more statutory exemptions set forth in the FLSA and/or NYLL, and the regulations governing same.

**AS AND FOR A FORTY-FIFTH DEFENSE**

Without admitting Defendant employed Plaintiff, Plaintiff's claims are barred in whole or in part to the extent the work they performed falls within exemptions, exclusions, offsets, credits, or allowances (including but not limited to apartment allowances) including those provided for in Sections 7 and 13 of the FLSA, 29 U.S.C. § 207 and/or the New York State Labor Law, its regulations and Court interpretations thereof.

**AS AND FOR A FORTY-SIXTH DEFENSE**

Without admitting Defendant employed Plaintiff, any claim for "Failure to Provide Wage Statements" is barred pursuant to NYLL § 198(1-d), as Defendant made "complete and timely payment of all wages due."

**AS AND FOR A FORTY-SEVENTH DEFENSE**

Without admitting Defendant employed Plaintiff, any claim for "Failure to Provide Wage Notices" is barred pursuant to NYLL § 198(1-b), as Defendant made "complete and timely payment of all wages due."

**AS AND FOR A FORTY-EIGHTH DEFENSE**

Plaintiff performed services under, and was covered by certain collective bargaining agreements, memorandums of understanding and/or other agreements allegedly entered into which concern times relevant to the Complaint (collectively, the "Union Agreements"),  and thus any claims alleging assertions which would violate said Union Agreements, including claims pursuant to the FLSA and/or the NYLL, are preempted by the Labor Managements Relation Act ("LMRA")

33

Section 301, because determination of whether Plaintiff provided services "covered" by the Union Agreements and determination of Plaintiff's regular rate of pay as provided for in the Union Agreements depend upon interpretation of the Union Agreements purportedly in effect during times relevant to the Complaint.

## AS AND FOR A FORTY-NINTH DEFENSE

Plaintiff seeks modification of the terms and conditions of alleged employment as contained within Union Agreements and/or purportedly alleges an Unfair Labor Practice vis-à-vis, *inter alia*, alleged willful violation of the terms and conditions of said Union Agreements, and thus Plaintiff's claims, including those allegedly brought pursuant to the FLSA and/or the NYLL, are preempted by the National Labor Relations Act ("NLRA") pursuant to *San Diego v. Garmon*, 359 U.S. 236 (1959), because adjudicating such claims would infringe upon the National Labor Relations Board's ("NLRB") exclusive jurisdiction over claims arising under the NLRA, including but not limited to Sections 7 and/or 8 therein.

## AS AND FOR A FIFTIETH DEFENSE

To the extent Plaintiff actually was "covered" by any purported Union Agreement, any claims predicated upon failure to pay certain wage rates (regular, overtime or otherwise) calculated using the hourly wage provided for in the Union Agreements, including claims pursuant to the FLSA and/or NYLL, are barred by the NLRA's Section 10(b) six-month statute of limitations applicable to claims of Unfair Labor Practices as espoused in NLRA Section 10(b), 29 U.S.C. § 160(b) (and as incorporated into relevant wage-hour actions pursuant to LMRA § 301, 29 U.S.C. § 185).

## AS AND FOR A FIFTY-FIRST DEFENSE

To the extent Plaintiff actually performed services covered by any purported Union Agreement, any claims predicated upon alleged breach of the Union Agreements are barred for

4938-0399-4977, v. 6

failure to exhaust the administrative remedies and/or grievance procedures provided for in the Union Agreements.

## **RESERVATION OF RIGHTS**

Defendants reserve the right to amend their Answer during the course of this litigation. Defendants also reserve the right to assert such additional affirmative defenses as may be warranted as discovery proceeds in accordance with applicable rules.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint in its entirety and granting Defendants judgment for its legal fees and costs in defending the matter.

Dated:    Mineola, New York
          December 23, 2025

Respectfully submitted,

**MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**

By:   */s/ Christopher Hampton*
      Christopher P. Hampton, Esq.
      Attorneys for Defendants
      190 Willis Avenue
      Mineola, New York 11501
      Telephone (516) 747-0300
      Fax: (516) 747-0653
      champton@meltzerlippe.com

TO:    ALL COUNSEL OF RECORD (VIA ECF)

4938-0399-4977, v. 6