UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
CHRISTOPHER YOST, individually and for all others similarly situated,

Plaintiff,

-against-

**ORDER**
25 CV 4016 (OEM) (PCG)

UDER HEALTH MANAGEMENT LLC d/b/a MIDWOOD AMBULANCE

Defendant.
---------------------------------------------------------X
**CROSS-GOLDENBERG**, United States Magistrate Judge:

On July 21, 2025, Plaintiff Christopher Yost commenced this action against Uder Health Management LLC d/b/a Midwood Ambulance, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the New York Labor Law ("NYLL"), §§ 190 *et seq.*, and N.Y. Comp. Codes R. & Regs. tit.12 § 142–2.2. (Dkt. No. 1 ("Compl.")). Presently before the Court is Plaintiff's unopposed motion for conditional certification of a collective action. (Dkt. No. 25 ("Mot.")).

FACTUAL BACKGROUND

According to the Complaint, Uder Health Management, d/b/a Midwood Ambulance, is an ambulance transport company operating out of its registered address in Brooklyn, New York. (Compl. ¶¶ 24, 31). Plaintiff worked for Uder as an EMT from approximately November 2022 through May 2024, responding to emergency and non-emergency calls, providing basic life support, operating an ambulance, assisting with loading and unloading patients, and ensuring that ambulances were stocked with supplies. (Id. ¶¶ 33, 34). During his employment, Plaintiff alleges he worked 10 hours per day for a cumulative 50 hours per week and was paid $18.50 per hour. (Id. ¶¶ 35, 36). Instead of paying its employees overtime, Plaintiff claims Uder paid

employees with non-discretionary "incentive" bonuses which did not compensate employees at a time-and-a-half overtime premium. (Id. ¶¶ 40-45). Plaintiff also claims that Uder did not provide wage notices or wage statements and that this failure deprived Plaintiff and putative class members of the ability to ensure proper tax deductions were made, know whether they were being underpaid, and take action to correct wage and hour violations. (Id. ¶¶ 46-68).[1]

On February 5, 2026, Plaintiff submitted a motion to certify a FLSA collective defined as "All non-exempt employees who received one or more payments classified as 'bonus' or 'incentive' from Uder Health during the past three (3) years." (Mot. at 1; Compl. ¶ 19). Defendant consents to the classification and to conditional certification. (Mot. at 1). The Complaint alleges that putative collective members were similarly denied overtime pay in violation of the law. (Compl. ¶¶ 40-43, 71-73). Plaintiff further alleges that "[b]ased on his experience with Uder," he is aware that the pay scheme was imposed on the putative collective, that the putative collective members are similarly situated, and that Yost's experiences are typical of the other putative collective members. (Id. ¶¶ 73-77, 81-83).

On May 11, 2026, the Court issued an Order directing Plaintiff to supplement his motion with a declaration or affidavit providing support for the assertion that there are similarly situated potential collective members who were subject to a common policy that violated the law. (Dkt. No. 30). On May 29, 2026, Plaintiff complied with the Court's Order and provided the Court with two declarations in support of his motion. (Dkt. No. 31). The first of the two declarations belongs to Plaintiff, stating that Mr. Yost knows other employees who were subjected to the alleged wage practices, including the two individuals who have already filed opt-in consent

[1] Although the Complaint also defines a class under Fed. R. Civ. P. 23, Plaintiff presently moves only for a FLSA collective certification. Therefore, this Report and Recommendation discusses only Plaintiff's FLSA collective allegations.

forms (see Dkt. Nos. 10, 18), and that his understanding that all Uder employees were subject to the same alleged bonus scheme stemmed from discussions with his former coworkers. (Dkt. No. 31-1 ("Yost Decl.") ¶¶ 9-11). The second declaration is provided by Haakim Bey, another EMT for Uder, who alleges he was similarly subjected to the alleged pay practices, and that he knows and has had discussions with other employees subjected to the same practices. (Dkt. No. 31-3 ("Bey Decl.")).

## DISCUSSION

### I. Conditional Certification

To determine whether to certify a collective in a FLSA case, courts conduct a two-step analysis. See Valerio v. RNC Indus., LLC, 314 F.R.D. 61, 65 (E.D.N.Y. 2016). First, at the certification stage preceding significant discovery, a court determines whether "'to send notice to potential opt-in plaintiffs who may be similarly situated to the named plaintiffs with respect to whether a FLSA violation has occurred.'" Gonzalez v. Wicked Taco LLC, 764 F. Supp. 3d 77, 95 (E.D.N.Y. 2025) (quoting Myers v. Hertz Corp., 624 F.3d 537, 555 (2d Cir. 2010)). To meet this conditional certification standard, plaintiffs and opt-in plaintiffs must "share a similar issue of law or fact material to the disposition of their FLSA claims." Scott v. Chipotle Mexican Grill, Inc., 954 F.3d 502, 516 (2d Cir. 2020). The second stage follows discovery, when the court engages in a more heightened stage of scrutiny, consulting the evidentiary record to "make[] a factual finding regarding the similarly situated requirement; if the claimants are similarly situated, the collective action proceeds to trial, but if they are not, the [collective] is decertified." Puglisi v. TD Bank, N.A., 998 F. Supp. 2d 95, 100 (E.D.N.Y. 2014) (quoting Kalloo v. Unlimited Mech. Co. of NY, Inc., 908 F. Supp. 2d 344, 346 (E.D.N.Y. 2014)). Here, at the first stage, the Court need only determine preliminarily whether Plaintiff and the putative opt-in plaintiffs are

"similarly situated." Romero v. H.B. Automotive Grp., Inc., No. 11 CV 386, 2012 WL 1514810, at *8 (S.D.N.Y. May 1, 2012).

To determine whether the proposed members of a class are "similarly situated," courts require only "a 'modest factual showing that [plaintiffs] and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law.'" Gonzalez, 764 F. Supp. 3d at 77, 95 (E.D.N.Y. 2025) (quoting Myers, 624 F.3d at 537, 555). In applying this lenient evidentiary standard, "a court evaluates pleadings and affidavits, but does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." Cooke v. Frank Brunckhorst Co., LLC, 722 F. Supp. 3d 127, 136 (E.D.N.Y. 2024), on reconsideration in part, 734 F. Supp. 3d 206 (E.D.N.Y. 2024) (quotation omitted). "A named plaintiff is not required to show 'an actual FLSA violation' at this stage, but rather only that 'a factual nexus exists between the plaintiff's situation and the situation of other potential plaintiffs.'" Calderon v. King Umberto, Inc., 892 F. Supp. 2d 456, 459 (E.D.N.Y. 2012) (quoting Sobczak v. AWL Indus., Inc., 540 F. Supp. 2d 354 (E.D.N.Y. 2007)).

"Although the burden on the plaintiff at this preliminary stage is modest, 'it is not nonexistent.'" Valerio, 314 F.R.D. at 61, 65) (quoting Khan v. Airport Mgmt. Servs., LLC, No. 10 CV 7735, 2011 WL 5597371, at *5 (S.D.N.Y. Nov. 16, 2011)). Mere allegations are not sufficient; "some factual showing by affidavit or otherwise must be made." Prizmic v. Armour, Inc., No. 05 CV 2503, 2006 WL 1662614, at *2 (E.D.N.Y. June 12, 2006). Courts in this Circuit "routinely grant conditional certification for overtime claims based on the statements of the named plaintiff(s) and other supporting affidavits." See Kemper v. Westbury Operating Corp., No. 12 CV 0895, 2012 WL 4976122, at *2 (E.D.N.Y. Oct. 17, 2012).

Plaintiffs may satisfy their burden at this first step through an affidavit containing hearsay. Chang Yan Chen v. Lilis 200 West 57th Corp., No. 19 CV 7654, 2021 WL 135248, at *4 (S.D.N.Y Jan. 14, 2021) (finding "the Court may consider hearsay in deciding a motion for conditional certification"); Moore v. Eagle Sanitation, Inc., 276 F.R.D. 54, 59 (E.D.N.Y. 2011) ("[C]ourts in this Circuit 'regularly rely on [hearsay] to determine the propriety of sending a collective action notice'") (quoting Sobczak, 540 F. Supp. 2d at 363). While there remains a low standard of proof, "anecdotal hearsay" will not suffice. Barfield v. N.Y.C. Health and Hospitals Corp., No. 05 CV 6319, 2025 WL 3098730, at *1 (S.D.N.Y. Nov. 18, 2005) (denying collective action certification where plaintiff "present[ed] nothing but limited anecdotal hearsay to suggest that there is a widespread practice" violating FLSA). A plaintiff must "state clearly and specifically to whom it is that [he] contends [he] is similarly situated," otherwise "it is not possible for the Court to conclude that a collective action certification is warranted." Flores v. Osaka Health SPA, Inc., No. 05 CV 962, 2006 WL 695675, at *3 (S.D.N.Y. Mar. 16, 2006). See also Garcia v. SBKU Servs. Inc., No. 17 CV 3130, 2018 WL 11411859, at *3 (E.D.N.Y. Oct. 25, 2018) (denying collective action certification where plaintiff "was only able to identify one former worker by his first name and, even in that case, was unable to provide specific details concerning the conversation" he had with his coworker); but see Bledsoe v. Saaqin, No. CV 15-181, 2015 WL 13858822, at *3 (E.D.N.Y. Sept. 11, 2015) (granting a motion based on a declaration in support of plaintiff's motion where he "identifies coworkers who stated that they too worked more than 40 hours per week without proper compensation").

Here, Plaintiff's declaration and the declaration of Haakim Bey clear the threshold of demonstrating Plaintiff is similarly situated to the putative opt-in plaintiffs. Indeed, Plaintiff has identified Mr. Bey and the two already-consented opt-ins as coworkers similarly subjected to the

alleged pay practices. He also recounts conversations with former similarly situated coworkers. The declarations therefore meet the preliminary threshold of showing that Plaintiff and the putative opt-ins were similarly situated in terms of hours worked, duties performed, and pay received.

II. Notice

A. Notice Period

The FLSA has a two-year statute of limitations or, in the case of willful violations, a three-year statute of limitations. 29 U.S.C. § 255(a). "At the conditional certification stage, allegations of willful conduct"—such as those alleged in the instant case—"are sufficient to apply the three-year statute of limitations for the purposes of certifying the [collective]." Valerio, 314 F.R.D. at 73 (quoting Jie Zhang v. Wen Mai, Inc., No. 14 CV 1647, 2015 WL 6442545, at *5 (E.D.N.Y. Oct. 23, 2015)); see Slamna v. API Rest. Corp., No. 12 CV 757, 2013 WL 3340290, at *4 (S.D.N.Y. July 2, 2013) ("[A]t the conditional certification stage, a plaintiff need not provide evidence sufficient to establish willfulness in order for the three-year period to be utilized for notification purposes"); Gonzalez, 764 F. Supp. 3d at 105 (approving notice period beginning three years prior to filing of the complaint upon allegation of willfulness).

Plaintiff's Complaint also alleges that a common question among putative opt-ins is whether the alleged violations were willful. (Compl. ¶ 90). Plaintiff proposes to provide notice to "[a]ll non-exempt employees who received one or more payments classified as 'bonus' or 'incentive' from Uder Health during the past three (3) years." (Mot. at 1). Plaintiff's Complaint also alleges that a common question amongst putative opt-ins is whether the alleged violations were willful. (Compl. ¶ 90). Accordingly, the Court respectfully recommends the District Court approve Plaintiff's three-year notice period.

B. Opt-In Period

Plaintiff proposes an opt-in period of 60 days from the date notice is mailed to putative collective members. (Mot. at 2). Because "[c]ourts in this Circuit routinely restrict the opt-in period to sixty days," Fa Ting Wang, 2015 WL 4603117, at *11 (quotation omitted) (collecting cases), the Court respectfully recommends that the opt-in period be set to the standard sixty days.

C. Form of Notice

Plaintiff requests to provide the notice via first class mail, email, and text message within 51 days of an order granting Plaintiff's motion. (Mot. at 2). He also proposes propounding a reminder notice halfway through the notice period. (Id.)

"Although [the FLSA] does not 'expressly provide for court-authorized notice to potential opt-in plaintiffs in a collective action, it is well settled that district courts have the power to authorize an FLSA plaintiff to send such notice.'" Cooke, 722 F. Supp. 3d at 141 (quoting Damassia v. Duane Reade, Inc., No. 04 CV 8819, 2006 WL 2853971, at *2 (S.D.N.Y. Oct. 5, 2006)). It is within the Court's discretion to craft an appropriate notice to effectuate the overarching policies of the FLSA and provide employees with accurate and timely notice of the pendency of the action. Id.

Disseminating notice of a FLSA collective via mail, email, and text is a routine practice in this district. See McPherson v. Look Ent. Ltd., No. 23 CV 04273, 2024 WL 4265844, at *9 (E.D.N.Y. Sept. 23, 2024); Tlapanco v. City Metal Traders, Inc., No. 21 CV 06341, 2023 WL 2240396, at *5 (E.D.N.Y. Feb. 27, 2023); Chen v. Thai Greenleaf Rest. Corp., No. 21 CV 01382, 2024 WL 3742718, at *6 (E.D.N.Y. Aug. 9, 2024). As such, the Court respectfully recommends that the District Court permit Plaintiff to disseminate notice via first class mail, email, and text message.

Reminder notices are also often authorized and are "intended to inform as many potential plaintiffs as possible of the collective action and their right to opt-in." Chen, 2024 WL 3742718, at *10 (quoting Yuefeng Shi v. TL & CG Inc., No. 19 CV 8502, 2020 WL 4586359, at *6 (S.D.N.Y. Aug. 10, 2020). See Chhab v. Darden Restaurants, Inc., No. 11 CV 8345, 2013 WL 5308004, at *16 (S.D.N.Y. Sept. 20, 2013) (approving a reminder notice over defendants' objection that doing so would be an endorsement by the Court for the putative collective members to join the lawsuit). Accordingly, the Court respectfully recommends that the District Court approve Plaintiff's request to disseminate a reminder notice thirty days after the mailing of the initial notice.

D. Contact Information of the Potential Opt-Ins

Plaintiff requests that the Court order Defendants to produce the contact information for the potential opt-in plaintiffs within 21 days of an order approving Plaintiff's motion. (Mot. at 2).

Requests such as this are "not…unusual request[s] and indeed courts in this Circuit have routinely granted such requests in the FLSA conditional certification stage." McPherson, 2024 WL 4265844, at *8. This information is relevant and appropriate at this stage. Tate v. WJL Equities Corp., No. 13 CV 8616, 2014 WL 2504507, at *2 (S.D.N.Y. June 3, 2014). Courts require the production of this information in computer-readable formats "whenever possible." Cooke, 722 F. Supp. 3d at 145 (collecting cases). The Court therefore respectfully recommends that the District Court require Defendants to produce the "names, last known addresses (both personal and work, if available), phone numbers, and dates of employment (if known) of the Putative Collective Members...in a usable electronic format" within 21 days of the District Court's Order.

CONLCUSION

For the reasons set forth above, the Court respectfully recommends that the District Court grant Plaintiff's motion and (1) conditionally certify the FLSA collective; (2) approve a three-year notice period; (3) limit the opt-in period to sixty days; (4) permit Plaintiff to disseminate notice via first class mail, email, and text message; (5) permit Plaintiff to disseminate a reminder notice thirty days after the mailing of the notice; and (6) require Defendants to produce the names, last known addresses, phone numbers, and dates of employment of the putative opt-ins in a usable electronic format within 21 days of the District Court's Order.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. See, e.g., Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
August 19, 2026

/s/ *Peggy Cross-Goldenberg*
Peggy Cross-Goldenberg
United States Magistrate Judge
Eastern District of New York